# In the United States Court of Federal Claims

No. 15-878T
Filed: May 25, 2017
NOT FOR PUBLICATION

| | |
|---|---|
| MARC H. PRYDE and <br> LISA R. PRYDE, <br>         Plaintiffs, <br> v. <br> THE UNITED STATES, <br>         Defendant. | RCFC 16(f). |

### MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

    Pursuant to the Scheduling Order entered in this tax refund matter on February 11, 2016, fact discovery originally closed in this case on September 9, 2016.  Scheduling Order, Feb. 11, 2016.  On December 15, 2016, the government filed a motion *in limine* requesting, among other things, that the Court reopen fact discovery−for the third time−to allow the government to conduct the depositions of three additional fact witnesses for plaintiffs−Janet So, James Rigby and Kent Mordy.  Def. Mot. *in Limine* at 10.  The government also requests that the Court order plaintiffs to pay the costs associated with these depositions, to include any costs to reevaluate and amend the government's expert report, pursuant to Rules 37(c) and 16(f) of the Rules of the United States Court of Federal Claims ("RCFC").  *Id.*[1]

    In their opposition to the government's motion *in limine*, plaintiffs argue that the Court should deny the government's motion because these additional witnesses had been disclosed to the government in their initial disclosures.  *See* Pl. Opp. to Mot. *in Limine*; *see also* Pl. Status

---

[1] On February 2, 2017, the Court issued a Memorandum Opinion and Order, denying the government's motion *in limine* to exclude Janet So, James Rigby and Kent Mordy from testifying at trial, pursuant to RCFC 37(c), and extending fact discovery for these additional witnesses to April 18, 2017.  Order, Feb. 2, 2017.

Report, May 2, 2017.  But, plaintiffs do not dispute that they first informed the government of the fact that plaintiffs intend to call these witnesses at trial on December 8, 2016−three months after the deadline for the close of fact discovery.  *See generally* Pl. Opp. to Mot. *in Limine*; Pl. Status Report, May 2, 2017.

Plaintiffs also do not genuinely dispute that they have repeatedly failed to keep the government informed of their trial witnesses during the discovery period for this case, resulting in a seven-month delay in the completion of fact discovery.  And so, for the reasons discussed below, the Court **GRANTS** the government's motion to recover the reasonable expenses incurred by the government as a result of plaintiffs' noncompliance with the Court's February 11, 2016 Scheduling Order and RCFC 16(f).

## II.   LEGAL STANDARDS

This Court has authority under RCFC 16 to impose sanctions or remedies under the circumstances presented in this case.  RCFC 16(f) addresses, among other things, the consequences for failing to comply with this Court's scheduling orders and provides, in relevant part, that:

> On motion or on its own, the court may issue any just orders, including those authorized by RCFC 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . fails to obey a scheduling or other pre-trial order.

RCFC 16(f)(1)(C).  In regards to the fees and costs that the Court may impose under this rule, RCFC 16(f) further provides that:

> Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

RCFC 16(f)(3).

RCFC 16(f) mirrors Federal Rule of Civil Procedure 16(f) and courts have held that noncompliance with Federal Rule of Civil Procedure 16(f) is "substantially justified" when there is a "genuine dispute concerning compliance."  *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 241 (3d Cir. 2007).  Courts have also recognized that when considering whether an award of expenses would be unjust in this context, the court should consider "the degree of the sanction

2

in light of the severity of the transgression which brought about the failure to produce." *Id*. (noting "'unjust' can be defined as 'unfair,' 'unreasonable,' 'inequitable,' or 'harsh'").

In addition, this Court has recognized that:

> The ability to schedule and control pretrial proceedings would mean very little if the court did not have the power to enforce its orders. The judge is therefore given this power pursuant to RCFC 16(f).

*Pacific Gas & Elec. Co. v. United States*, 82 Fed. Cl. 474, 479 (2008). This Court has also held that it has "inherent powers enabling [it] to manage [its] cases and courtroom effectively and to ensure obedience to [its] orders." *Id*. at 480 (quoting *Aloe Vera of America, Inc. v. United States*, 376 F.3d 960, 964–65 (9th Cir. 2004)) (brackets existing). And so, the Court may enforce its Scheduling Order by using either its inherent powers, or the authority provided by RCFC 16(f).

### III.   LEGAL ANALYSIS

#### A. Plaintiffs' Counsel Has Failed To Comply With The Court's Scheduling Order

The circumstances presented in this case show that counsel for plaintiffs has failed to comply with the fact discovery deadline set forth in the Court's Scheduling Order on several occasions. First, on September 12, 2016−three days after the close of fact discovery−plaintiffs' counsel first notified the government of the fact that plaintiffs no longer intended to offer Kent Mordy as their expert witness. *See* Def. 1st Mot. for Disc., Sept. 19, 2016. The timing of this notification precluded the government from conducting any fact discovery with respect to Mr. Mordy. And so, at the government's request, the Court reopened fact discovery on September 27, 2016, to allow the government to obtain certain documents from Mr. Mordy. Order, Sept. 27, 2016.

Second, on September 14, 2016–five days after the close of fact discovery−counsel for plaintiffs notified the government of the fact that plaintiffs intended to call five additional fact witnesses at trial. Def. 2d Mot. for Disc., Sept. 27, 2016. These witnesses had not been previously disclosed in plaintiffs' initial disclosures. *Id*. On September 27, 2016, the government, again, requested that the Court reopen fact discovery so that the government could conduct additional discovery and depose these witnesses. *Id*. And so, at the government's request, the Court reopened fact discovery for this purpose on October 5, 2016. Scheduling Order, Oct. 5, 2016.

Lastly, on December 8, 2016, counsel for plaintiffs notified the government of the fact that plaintiffs intend to call three additional witnesses–Janet So, James Rigby and Kent Mordy−at trial. *See* Def. Mot. *in Limine* at 3-4. While the parties agree that these three witnesses were disclosed in plaintiffs' initial disclosures, dated February 15, 2016, it is undisputed that counsel for plaintiffs previously represented to the government that these witnesses would not be called. *Id*. at 4; *see generally* Pl. Status Report, May 2, 2017. And so, again, at the government's request, the Court reopened fact discovery until April 18, 2017, so that the government could depose these witnesses. Order, Feb. 2, 2017.

### B. Plaintiffs' Noncompliance With The Court's Order Is Not Substantially Justified

Plaintiffs' repeated failure to comply with the Court's Scheduling Order and RCFC 16 is not substantially justified. Indeed, there is no genuine dispute concerning plaintiffs' failure to abide by the discovery schedule in this case. *Tracinda Corp.*, 502 F.3d at 241 (discussing Fed. R. Civ. P. 16(f)). As a result of counsel for plaintiffs' repeated and unexplained failure to keep the government informed of plaintiffs' fact witnesses in this case, the completion of fact discovery has been delayed in this case by more than seven months. Plaintiffs put forward no argument to explain why their counsel failed to keep the government apprised of their fact witnesses. *See generally* Pl. Status Report, May 2, 2017; *see also* Pl. Opp. to Mot. *in Limine*. Given this, plaintiffs' noncompliance with the Court's Scheduling Order and rules is not substantially justified.

### C. The Government May Recover Its Reasonable Expenses

It is well-established that under RCFC 16(f), when a party fails to obey the Court's scheduling orders, "the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule . . . ." RCFC 16(f)(3). In its status report dated May 2, 2017, the government identifies five categories of expenses that the government has incurred as a result of counsel for plaintiffs' belated discovery disclosures. Def. Status Report, May 2, 2017. First, the government represents that it has incurred $3,826.47 in travel expenses for the depositions of Mr. Rigby and Mr. Mordy, and the government seeks to recover $1,900.07 of these expenses from plaintiffs. *Id*. at 2, 6 n.5. The government also represents that it has incurred $3,343.80 in court reporter fees for the depositions of Ms. So, Mr. Rigby and Mr. Mordy, and the government seeks to

4

recover $1,671.90 of these expenses. *Id*. at 2, 7.  In addition, the government represents that it has incurred $10,067.60 in attorneys' fees in connection with these three depositions, and the government seeks to recover $5,478.40 of these fees. *Id*. at 2, 7.

The government also represents that it has incurred $12,837.50 in additional expert fees in connection with the preparation for the depositions of Mr. Rigby and Mr. Mordy, and the government seeks to recover $6,418.75 of these fees from plaintiffs. *Id*. at 2, 6-7.  Lastly, the government represents that it anticipates that the government will incur approximately $40,700.00 in additional expert fees to reassess and amend the government's expert report in this case, due to this additional discovery, and the government seeks to recover $20,350.00 of these fees and costs.[2]  *Id*. at 2, 6-7.

Requiring counsel for plaintiffs to reimburse the government for the reasonable court reporter and attorneys' fees that the government has incurred in connection with the depositions of Ms. So, Mr. Rigby and Mr. Mordy−and for the government's reasonable travel expenses in connection with the depositions of Mr. Rigby and Mr. Mordy−is appropriate and just under the circumstances of this case.  Here, counsel for plaintiffs has failed to comply with the fact discovery deadline set forth in the Court's Scheduling Order on three separate occasions.  As discussed above, this conduct has resulted in a seven-month delay of this litigation and in the government incurring approximately $70,000.00 in expenses.  RCFC 16 is designed to address precisely the problem created here due to counsel for plaintiffs' repeated failure to adhere to the Court's Scheduling Order.  And so, the Court **GRANTS** the government's request to require counsel for plaintiffs to reimburse the government for these reasonable expenses.

## IV.   CONCLUSION

In light of the foregoing, and pursuant to the Court's authority under RCFC 16(f):

1. Counsel for plaintiffs is **ORDERED** to pay one-quarter of the reasonable travel expenses, court reporter fees and attorney's fees incurred by the government due to

---

[2] The government acknowledges that the costs and fees that it seeks in connection with reassessing and amending its expert report are anticipated and not yet incurred. Def. Status Report, May 2, 2017.  And so, the Court holds the government's request to recover its expert fees associated with the additional discovery and reassessment of its expert report in abeyance.  The government also seeks to recover the travel expenses incurred by Mr. Mordy in connection with his deposition.  *Id*.  Because this expense has not been incurred by the government, the Court declines to impose this cost upon plaintiffs or their attorney pursuant to RCFC 16(f).

counsel for plaintiffs' failure to comply with the Court's February 11, 2016 Scheduling Order.

2. Counsel for plaintiffs and counsel for the government are further **ORDERED** to endeavor to stipulate to the amount of the reasonable expenses to be reimbursed by counsel for plaintiffs and to file a joint status report stating the agreed upon amount to be reimbursed on or before **June 26, 2017**.

3. Because all of the additional expenses that the government will incur with regards to its expert are not yet determined, the Court **HOLDS IN ABEYANCE** the government's motion to recover its reasonable expenses with respect to its expert fees.

Following an agreement by the parties on the amount of the reasonable expenses to be reimbursed by counsel for plaintiffs, an order will be entered in this matter. Should counsel be unable to reach a mutual agreement regarding the amount of the reasonable expenses to be reimbursed, the Court will enter an appropriate order awarding these expenses based upon the supporting documentation that the government filed with the Court on May 2, 2017.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
Judge